UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRVING ALEJANDRO GAYTAN RODRIGUEZ (A-076-459-742),

Petitioner,

v.

MINGA WOFFORD, Facility Administrator of the Mesa Verde Detention Center, et al.,

Respondents.

No. 1:26-cv-03575 CSK

ORDER

Petitioner Irving Alejandro Gaytan Rodriguez (A-076-459-742), a native and citizen of Mexico who is proceeding with counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his March 2026 detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 13, 2026, this Court recommended that the petition be granted and that respondents be ordered to provide petitioner a bond hearing. (ECF No. 12.) On October 16, 2026, the parties consented to the jurisdiction of the magistrate judge. (ECF No. 14.) Accordingly, the October 13, 2026 findings and recommendations are vacated, and this Court orders the petition granted and that respondents provide petitioner with a bond hearing.

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 14.)

## I. BACKGROUND

Petitioner first entered the United States when he was about five years old. (ECF No. 1 at 2.) Petitioner departed the United States in 2007 when he was seventeen years old and returned to Mexico. (Id.) Later in 2007, petitioner re-entered the United States based on an approved Form I-130 immigrant petition.[2] (ECF No. 1 at 2.) Petitioner has a minor U.S. citizen son for whom petitioner is the primary caregiver and a U.S. citizen fiancée. (ECF No. 1 at 15.)

On or about March 19, 2026, petitioner was stopped by local law enforcement in Irving, Texas for traffic violations and subsequently arrested for possession with intent to distribute a controlled substance (cocaine). (See ECF No. 7 at 1-2; ECF No. 7-1; ECF No. 7-3.) On March 21, 20026, ICE detained petitioner. (See id.) Petitioner did not receive a pre-deprivation hearing. (See ECF No. 1 at 16; ECF No. 2-1 at 7.) The record does not indicate the status of the state criminal case, and respondents do not dispute petitioner's allegation that he has not been convicted of any crimes. (See ECF No. 1 at 2; ECF No. 7.)

On May 8, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On May 20, 2026, the district court stated that the issues raised therein appeared similar to those previously addressed in many prior cases. (ECF No. 6.) The district court directed respondents to substantively address whether there are any factual or legal issues in this case that materially distinguish it from the district court's prior orders in the cases identified. (Id.) On May 20, 2026, respondents filed an opposition to the motion for a temporary restraining order and answer to the petition. (ECF No. 7.) On May 26, 2026, petitioner filed a traverse/ reply. (ECF No. 8.)

On June 8, 2026, the district court denied petitioner's motion for a temporary restraining order. (ECF No. 9.) The district court held that "Petitioner has not demonstrated a likelihood of success on the meris of his claim that his immigration detention violates his statutory constitutional rights" where respondents asserted that petitioner is subject to mandatory detention

---

[2] Respondents contend that petitioner previously departed the United States twice under voluntary departure orders, then returned to the United States a third time. (ECF No. 7 at 1; ECF No. 7-1 at 3.) The Court need not resolve this factual dispute.

pursuant to 8 U.S.C. § 1226(c)(1)(A) due to his March 2026 arrest for possession with intent to distribute a controlled substance and where petitioner has not presented any argument as to why respondents' documentary evidence was unreliable. (Id.) The district court further reasoned that "[t]o the extend Petitioner believes his arrest does not subject him to mandatory detention, he must raise that issue in a Joseph hearing before an Immigration Judge before seeking habeas relief." (Id.) Briefing is complete where respondents have filed their response to the petition and petitioner filed his traverse/reply. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The record before the district court has changed since the district court's ruling on the motion for a temporary restraining order where petitioner has been detained for almost seven months since March 21, 2026.

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his detention based on the violation of the following: (1) the Fifth Amendment procedural due process clause; (2) the Fifth Amendment substantive due process clause; (3) the Immigration and Nationality Act

("INA"); and (4) the Administrative Procedure Act ("APA"). (ECF No. 1 at 16-19.) Petitioner contends that he is detained pursuant to § 1226(a), not § 1225(b)(2). (See ECF No. 1 at 10-15.)

Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) due to his March 2026 arrest in Texas by local law enforcement for possession with intent to distribute a controlled substance (cocaine) because this arrest serves as the basis for the government's belief that petitioner is or has been a controlled substances trafficker under 8 U.S.C. § 1182(a)(2)(C). (ECF No. 7 at 1-2.) Respondents also argue that petitioner has not challenged his § 1226(c) detention in a Joseph hearing, and should be required to first raise this challenge in a Joseph hearing rather than in his habeas petition. (See ECF No. 7 at 2.) Respondents alternatively request that a bond hearing is ordered if the court find that detention is not mandated by statute. (See id.)

**A. Statutory Claim (Claim Three)**

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). For the purposes of determining this habeas petition, the Court accepts the government's contention that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(A) based on his March 2026 arrest for possession with intent to distribute a controlled substance (cocaine), which serves as the basis for the government's belief that petitioner is or has been a controlled substances trafficker under 8 U.S.C. § 1182(a)(2)(C)(i). Petitioner failed to present any substantive argument as to why § 1226(c)(1)(A) did not apply to him, instead only raising evidentiary objections on the basis of authentication and hearsay, as the district court previously noted. (See ECF No. 8 at 2-3; ECF No. 9.) In addition, to the extent petitioner challenges his detention pursuant to § 1226(c), petitioner failed to dispute or respond to the government's argument that petitioner could challenge his § 1226(c) detention in a Joseph hearing. (See ECF Nos. 7, 8.) The district court previously found that "[t]o the extend Petitioner believes his arrest does not subject him to mandatory detention, he must raise that issue in a Joseph hearing before an Immigration Judge before seeking habeas relief." (See ECF No. 9.) Therefore, the Court denies the petition as to the statutory claim.

**B. Due Process Claim (Claim One)**

This does not end the inquiry, however, because petitioner has also raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178,

at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 693).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained for approximately seven months. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal

proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[3] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown where the record does not indicate that petitioner is subject to a final removal order, after which petitioner could file an appeal with the Board of Immigration Appeals ("BIA") and seek further judicial review before the Ninth Circuit. In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in

---

[3] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since March 21, 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a flight risk or a danger.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for approximately seven months without a bond hearing, and the length of future detention is unknown where there is no indication that petitioner is subject to a final removal order, and any such removal order could be appealed to the BIA and then to the Ninth Circuit. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**C. Petitioner's Other Claim for Relief**

Because the Court recommends granting the petition on the procedural due process claim (claim one), the Court need not address any additional claims (claim two substantive due process, and claims four and five APA) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the

Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim one.

## IV. CONCLUSION

In summary, the Court denies the habeas corpus petition as to petitioner's statutory claim (claim three), and grants the petition as to petitioner's procedural due process claim (claim one).

Accordingly, IT IS HEREBY ORDERED that:

1. The October 13, 2026 findings and recommendations (ECF No. 12) are vacated.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART.

3. Respondents are ordered to provide petitioner Irving Alejandro Gaytan Rodriguez (A-076-459-742) with a constitutionally adequate bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the date this order where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide notice to petitioner and petitioner's counsel, with at least seven (7) days' notice before the bond hearing. Petitioner shall be allowed to have counsel present at any such hearing.

4. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

Dated: October 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/rodr3575.26.ord.consent.BOND